IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-39-GMS |
| | ) | |
| JEFFREY A. BENTLEY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ferris W. Wharton, Assistant United States Attorney for the District of Delaware, and the defendant, Jeffrey A. Bentley, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One and Three of the Indictment. Count One charges the defendant with knowing possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1). Because the defendant has three previous convictions for a violent felony committed on occasions different from one another, pursuant to 18 U.S.C. § 924(e)(1), the maximum sentence the defendant could receive for Count One is lifetime imprisonment, with a mandatory minimum term of imprisonment of 15 years, a fine of $250,000, five years of supervised release, and a $100 special assessment. Count Three charges the defendant with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence

as charged in Count Two of the Indictment, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The maximum sentence the defendant could receive for Count Three is lifetime imprisonment, with a mandatory minimum term of imprisonment of 7 years, consecutive to any other sentence imposed, because the defendant brandished a firearm, 5 years supervised release, a $250,000 fine, and a $ 100 special assessment.

2. At the time of sentencing, the United States agrees to recommend a sentence of imprisonment of 22 years (264 months) and to move to dismiss Count Two of the Indictment.

3. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (1) that on or about February 20, 2005, the defendant knowingly possessed a firearm; (2) that at the time he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines. With respect to Count Three of the Indictment, the government would have to prove the following elements: (1) that the defendant committed a crime of violence as charged in Count Two of the Indictment; and (2) that the defendant either knowingly used or carried a firearm during and in relation to the commission of this crime of violence or knowingly possessed a firearm in furtherance of this crime of violence.

4. The defendant admits the following facts. The defendant was convicted previously three violent felonies, each punishable by imprisonment for a term exceeding one year, committed on occasions different from one another: 1) Reckless Endangering in the First Degree in Kent County (Delaware) Superior Court on or about March 8, 1991; 2) Robbery and Use of a Firearm in the Circuit Court of the City of Richmond (Virginia) on or about December

2

14, 1988; and 3) Robbery and Use of a Firearm in the Circuit Court of the County of Henrico (Virginia) on or about February 14, 1989. On or about February 20, 2005, at about 5:45 p.m., the defendant entered the Dover Liquor Mart, located at 1255 South State Street in Dover, Delaware. The defendant displayed a firearm to the victim, a person working at the Dover Liquor Mart, and ordered the victim to give him all the money in the cash register. The victim complied with the defendant's demand. The defendant then exited the store and left the area in his car. The police attempted to stop the defendant, but the defendant fled from the police. After a brief car pursuit, the defendant crashed his car into a telephone pole. The police placed defendant under arrest and recovered a Hi-Point pistol, model C, 9mm, serial number 036839, from the defendant's waistband. The police also recovered $566.00 in U.S. currency, which was scattered on the front floorboard of the defendant's car. After the defendant was transported to the police station, he was advised of his *Miranda* rights and agreed to speak with the police. In a videotaped statement, the defendant confessed to robbing the Dover Liquor Mart using a loaded firearm, which he had purchased from a neighbor. The 9mm Hi-Point pistol was manufactured in Ohio.

    5. The defendant abandons any right, title, and interest that he may have in the Hi-Point pistol, model C, 9mm, serial number 036839, the firearm having been seized by the Dover Police Department on or about February 20, 2005; agrees to execute all documents requested by the government to effect his abandonment; and agrees that the Dover Police Department and/or the Bureau of Alcohol, Tobacco, Firearms and Explosives may dispose of the firearm in whatever manner it deems appropriate.

    6. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-

level reduction under USSG § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional 1 level reduction under USSG § 3E1.1(b) based on the defendant's conduct to date, and will so move the District Court at sentencing.

7. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

8. The defendant is also currently under indictment in the Superior Court of the State of Delaware in and for Kent County. He understands that the State of Delaware is willing to resolve those charges against him by offering him a plea agreement that will result in the imposition of three years imprisonment pursuant to 11 Del. C. § 825(b)(2). The defendant further understands that the sentence of imprisonment offered by the State of Delaware is not to be served concurrently with any sentence of imprisonment he will receive for the charges to which he has agreed to plead guilty in this Memorandum of Plea Agreement.

9. The defendant agrees to pay the $200 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of

Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

10. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_Eleni Kousoulis_  By: _Ferris W. Wharton_
Eleni Kousoulis, Esquire      Ferris W. Wharton
Attorney for Defendant        Assistant United States Attorney

_Jeff Bentley_
Jeffrey A. Bentley
Defendant

Dated: 2/28/06

AND NOW, this 28th day of February, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_____
HONORABLE GREGORY M. SLEET
United States District Judge
District of Delaware