IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY BENTLEY, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 16-518 (MN) |
| ) | Criminal Action No. 05-39 (MN) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM OPINION[1]

Tieffa Harper, Assistant Federal Public Defender, Federal Public Defender's Office, Wilmington, Delaware. Attorney for Movant.

Alexander Ibrahim. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

March 17, 2020
Wilmington, Delaware

---

[1] This case was reassigned to the undersigned's docket on September 20, 2018.

**NOREIKA, U.S. District Judge**

## I. INTRODUCTION

Movant Jeffrey Bentley ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 33). The Government filed a Response in opposition. (D.I. 61). For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

## II. BACKGROUND

In April 2005, the federal grand jury for the District of Delaware returned a three-count indictment charging Movant with: (1) possession of a firearm by a person prohibited, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1); (2) Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; and (3) using and carrying a firearm during a crime of violence, that is, Hobbs Act Robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (D.I. 2). Movant pled guilty to Counts One and Three in February 2006, in exchange for which the Government agreed to dismiss Count Two, the Hobbs Act Robbery charge. (D.I. 21). At the time of his plea colloquy and sentencing, Movant had accumulated at least nine prior felonies, most relating to robbery or burglary. (D.I. 61 at 1; D.I. 61, Exh. A.). In the plea agreement, Movant stipulated that prior armed robbery convictions in Virginia in 1988 and 1989, and a Delaware felony conviction for reckless endangering in 1991 were violent felonies. (D.I. 21 ¶ 4). During Movant's sentencing hearing, the Honorable Gregory M. Sleet reviewed the Sentencing Guidelines calculation and asked if there was any objection to the offense level because Movant was considered to be an armed career criminal under the Guidelines. (D.I. 40-2 at 6-7,10). The Armed Criminal Career Act ("ACCA") predicate convictions were not expressly identified during the sentencing hearing. (D.I. 40 at 3 n.1; D.I. 40-2). Judge Sleet imposed the mandatory minimum 180 months of imprisonment for Count One

1

under the ACCA, and the mandatory minimum 84 months of imprisonment for Count Three, for a total of 264 months. (D.I. 28; D.I. 40-2). Movant did not appeal his convictions or sentence.

## III. DISCUSSION

Movant filed the instant Motion in 2016, after the Supreme Court invalidated the ACCA's residual clause definition of a "violent felony" in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Movant contends that his three prior convictions for reckless endangerment and armed robbery identified in the plea agreement no longer qualify as violent felonies after *Johnson*, because the two Virginia armed robbery convictions and the Delaware first degree reckless endangerment conviction relied on the ACCA's now-void residual clause. The Government contends that the Court should deny the Motion because Movant has multiple other prior ACCA qualifying convictions for breaking and entering with intent to commit larceny in North Carolina, in violation of N.C. General Statute § 14-54(a) ("G.S. § 14-54(a)"). (D.I. 61 at 1-2). Given Movant's apparent concession that Movant's prior North Carolina felony convictions are relevant to deciding whether to grant relief on his Motion (D.I. 49 at 2), the Government's contention that Movant's prior North Carolina felony convictions "exceed the required number of ACCA predicates" (D.I. 61 at 4 n.4), Movants desire to resolve his § 2255 Motion (D.I. 54), and the PSR and convictions documents provided by the Government, the Court views the issue to be whether three of Movant's prior convictions for breaking and entering under North Carolina G.S. § 14-54(a) still qualify as violent felonies under the ACCA.[2]

---

[2] The § 2255 Motion does not mention Movant's prior North Carolina convictions for breaking and entering with intent to commit larceny, but contains a footnote suggesting that the Court should rely on the prior Delaware and Virginia convictions identified in the plea agreement for the instant ACCA/*Johnson* analysis. (D.I. 40 at 3 n.1). Approximately one year after the § 2255 Motion was filed, the parties jointly requested a stay of the briefing because the Fourth Circuit was actively considering a challenge to North Carolina's breaking and entering with intent to commit larceny statute in *United States v.*

2

A. **The ACCA and *Johnson***

A person convicted under 18 U.S.C. § 922(g) faces a maximum sentence of 10 years. *See* 18 U.S.C. § 924(a)(2). The ACCA, however, substantially increases the sentence to a mandatory minimum term of 15 years if the person has three previous convictions for a "violent felony or a serious drug offense, or both." *See* 18 U.S.C. § 924(e)(1). A prior offense qualifies as a "violent felony" under the ACCA if it is "punishable by imprisonment for a term exceeding one year" and it:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subsection (i) above is known as the "elements clause" or "force clause," the first portion of subsection (ii) – "burglary, arson, or extortion" – is known as the ACCA's "enumerated clause," and the remainder of subsection (ii) is known as the ACCA's

---

*Beatty*, 702 F. App'x 148 (4th Cir. 2017). (D.I. 45). The Court granted the stay. (D.I. 46). The parties then filed a Joint Status Report asking the Court to continue the stay, identifying the issue as follows: "whether any of [Movant's] prior convictions: two (2) convictions for armed robbery under Virginia law, six (6) convictions for breaking and entering under North Carolina law, and a conviction for reckless endangerment under Delaware law still qualify as violent felon[ies] under the ACCA." (D.I. 49 at 2). The Court continued the stay. After *Beatty* was decided in favor of the Government, the parties jointly asked the Court to continue the stay because more litigation regarding the breadth of the ACCA after *Johnson* was in the process of being resolved. (D.I. 49). The Court continued the stay. Finally, after two more Supreme Court burglary cases resolved circuit splits in favor of the United States (*United States v. Stitt*, 139 S.Ct. 399 (2018) and *Quarles v. United States*, 139 U.S. 1872 (2019)), defense counsel asked the Court to order the briefing schedule to continue in light of Movant's desire to see his § 2255 Motion resolved. (D.I. 56). The Court lifted the stay and ordered the Government to Answer the Motion. (D.I. 57). In its Answer, the Government does not present an argument concerning Movant's prior Delaware and Virginia convictions. Rather, the Government contends that three of Movant's prior North Carolina convictions for breaking and entering with intent to commit larceny qualify for enhanced penalties under the ACCA.

"residual clause." *See Stokeling v. United States*, 139 S.Ct. 544, 556 (2019). In 2015, the Supreme Court held that the ACCA's residual clause definition for a "violent felony" is unconstitutionally void for vagueness under the Due Process Clause. *See Johnson*, 135 S.Ct. at 2556-60. The Supreme Court made *Johnson* retroactively applicable on collateral review in *Welch v. United States*, 136 S.Ct. 1257, 1264 (2016). However, "*Johnson* did not disturb the other parts of the ACCA, including the ACCA's other two means of determining whether a potential predicate crime is a crime of violence: namely, the 'elements' [force] clause at § 924(e)(2)B)(i) dealing with the use or threatened use of force, and the 'enumerated offense' clause at § 924(e)(2)(B)(ii)." *United States v. Parks*, 237 F. Supp. 3d 229, 235 (M.D. Pa. 2017).

The issue currently before the Court is whether Movant continues to have three prior convictions that each qualify as a "violent felony" without reference to the ACCA's now-unconstitutional residual clause. The Government contends that Movant's prior breaking and entering with intent to commit larceny convictions in North Carolina qualify as violent felonies under the ACCA because the elements of those crimes are no broader than the elements of generic burglary as defined in the ACCA's enumerated clause.

### B.  Categorical Approach

Courts apply what is known as the "categorical approach" to determine if a prior conviction qualifies as a predicate violent felony under the ACCA's elements/force clause and the enumerated clause. *See Descamps v. United States*, 570 U.S. 254, 257 (2013); *Taylor v. United States*, 495 U.S. 575, 600 (1990). Under this approach, a federal "sentencing court may look only to the elements of a defendant's prior conviction, not to the particular facts underlying those convictions." *United States v. Abbott*, 748 F.3d 154, 157 (3d Cir. 2014). The relevant question is "whether the least culpable conduct covered by the statute at issue" forming the basis of the

defendant's predicate conviction has as an element the use, attempted use, or threatened use of physical force. *See Stokeling*, 139 S.Ct. at 556. In order to determine what a state statute covers under the categorical approach, federal courts rely on the interpretation of the offense issued by the courts of the state in question. *Id.*; *see also United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017). "If the elements of the prior conviction are identical to (or narrower than) the elements of the []ACCA crime, the prior conviction can serve as an ACCA predicate." *United States v. Daniels*, 915 F.3d 148, 150 (3d Cir. 2019). "But if the statute sweeps more broadly than the [] [ACCA's 'violent felony' definition], a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Descamps v. United States*, 570 U.S. 254, 261 (2013); *see also Mathis v. United States*, 136 S.Ct. 2243, 2248-49 (2016) (explaining that, if the state statute of conviction is indivisible, *i.e.*, its elements define a single crime, and the conduct criminalized under the statute is broader than the ACCA definition, a conviction for that crime may not be the grounds for an enhanced sentence).

To succeed under the categorical approach, a defendant must demonstrate "a realistic probability, not a theoretical possibility," that the statute at issue could be applied to conduct that does not constitute a violent felony by "at least point[ing] to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues." *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). If "the law defines the crime in such a way that it can be committed using either violent or non-violent force, then the crime is not a violent felony under [the] ACCA, even if the defendant actually used violent force in committing the crime." *United States v. Haight*, 892 F.3d 1271, 1279 (D.C. Cir. 2018).

> The question for the sentencing court in the elements-clause context is whether every defendant convicted of that state or federal felony **must have** used, attempted to use, or threatened to use physical force against the person of another **in order to have been**

5

> **convicted**, not whether the particular defendant **actually** used, attempted to use, or threatened to use physical force against the person of another **in that particular case**. If the answer to that question is "no," and the statute forming the basis for the defendant's previous state or federal conviction criminalizes conduct that does not involve "the use, attempted use, or threatened use of physical force against the person of another," then a conviction under that statute may not serve as a violent-felony predicate under the elements clause, assuming that statute is an "'indivisible' statute – *i.e*., one not containing alternative elements."

*United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019). When using the categorical approach in the enumerated-clause context, the court must determine if "the crime of conviction is the same as, or narrower than, the relevant generic offense." *Mathis,* 136 S.C.t at 2257.

When the prior conviction involves burglary (or, as here, breaking and entering with intent to commit larceny offense), the categorical approach asks whether the elements of that prior crime fit within the generic definition of burglary as enumerated in the ACCA without reference to the underlying facts of the case. *See Mathis*, 136 S.Ct. at 2248. Most recently, in *Quarles*, the Supreme Court explained that a state law's "exact definition or label" for an offense is not relevant; rather, the key inquiry is whether the law in question "substantially corresponds to or is narrower than the generic definition of burglary." *Quarles*, 139 S.Ct. at 1877. The *Quarles* Court also reaffirmed the generic definition of burglary announced in *Taylor*, namely, that "generic burglary under § 924(e) means 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime,'" and that generic burglary under the ACCA encompasses more conduct than common law burglary. *Id*.; *see also Taylor*, 495 U.S. at 598. Common law burglary is defined as a breaking and entering of a dwelling at night with intent to commit a felony, and the *Taylor* Court defined generic burglary to extend to unlawful entry into any "building or other structure," not just a home and not just at night. *Taylor*, 495 U.S. at 580, 598-99. The Supreme

Court has further clarified that protected structures covered by the generic burglary statue includes "vehicles adapted or customarily used for lodging." *Stitt*, 139 S.Ct. at 406.

### C. North Carolina's Breaking and Entering Law Under The ACCA's Enumerated Offense Clause

During the relevant time period, North Carolina G.S. § 14-54, read as follows:

> (a) Any person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony and is punishable under G.S. 14-2.
>
> (b) Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3(a).
>
> (c) As used in this section, 'building' shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.

N.C. Gen. Stat. § 14-54. There are three essential elements of G.S.§ 14-54(a): "(1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." *State v. Litchford*, 338 S.E.2d 575, 577 (N.C. Ct. App. 1986). Before Movant's conviction, the North Carolina Supreme Court had interpreted the "break or enter[]" language in G.S. § 14-54 as requiring an unlawful or unauthorized entering of a structure. *See State v. Boone*, 256 S.E.2d 683, 687 (N.C. 1979). This requirement still exists under North Carolina law. *See State v. Allen*, 812 S.E.2d 192, 196 (N.C. Ct. App. 2018). Similarly, the "building" requirement in G.S. § 14-54 necessitates that the structure being burgled have qualities of "permanence and immobility." *State v. Douglas*, 282 S.E.2d 832, 834 (N.C. Ct. App. 1981) (distinguishing between burglary of a "mobile home as used in the sense of a residence," which would be in violation of G.S. § 14-54, from a "trailer which is used to haul goods and personal property from place to place," which would violate a different statute). Finally, under well-settled North Carolina law, the intent must

"exist at the time of the breaking or entering." *State v. Hill*, 247 S.E.2d 295, 298 (N.C. Ct. App. 1978).

In its July 2017 *Beatty* decision, the Fourth Circuit re-affirmed that "North Carolina Breaking and Entering as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary, and thus qualifies as a predicate offense under ACCA's enumerated clause." *Beatty*, 702 F. App'x at 150. The Fourth Circuit also concluded that "North Carolina courts construe North Carolina Breaking and Entering's 'building' element in a manner that tracks generic burglary's 'building element," and "sweeps no broader." *Id*. at 150-151. The Fourth Circuit continues to affirm that North Carolina's Breaking and Entering statute is a violent felony under the ACCA. *See., e.g., United States v. Atkinson*, 759 F. App'x 174, 176 (4th Cir. Jan. 14, 2019), *vacated on other grounds*, 140 S.Ct. 396 (2019). The Ninth Circuit has also held that a conviction under G.S. § 14-54(a) categorically qualifies as a violent felony under the ACCA after *Johnson* because its elements are as narrow as generic burglary. *See Mutee v. United States*, 920 F.3d 624, 627-28 (9th Cir. 2019) (holding that a conviction under North Carolina's breaking or entering statute qualifies as a violent felony under the ACCA after *Stitt*).

The Third Circuit has not had an occasion to review G.S. § 14-54(a). This Court, however, concurs with the reasoning in the aforementioned Fourth Circuit and the Ninth Circuit decisions, and concludes that Movant's prior convictions under G.S. § 14-54(a) qualify as violent felonies under the ACCA's enumerated clause. The North Carolina breaking and entering statute has the same requirements as the generic definition of burglary announced in *Taylor* and further clarified by *Stitt*: (1) the unlawful or unprivileged entry; (2) into a building or structure; and (3) with intent to commit a crime. More specifically, the terms of G.S. § 14-54(a) and North Carolina courts'

interpretation of the law have confirmed that it requires "a finding by the jury that the breaking or entry was without the consent of the owner[.]" *Boone*, 256 S.E.2d at 687. The "building or structure" requirement also complies with the generic definition of burglary as explained by *Stitt,* because it extends only to mobile structures such as mobile homes that are meant to be "used in the sense of a residence." *Douglas*, 282 S.E.2d at 834. Finally, G.S. § 14-54 has always required the intent to commit a crime at the time of the unlawful entry. *See Hill*, 247 S.E.2d at 296. This requirement mirrors the requirement of generic burglary in *Taylor*. *See Quarles*, 139 S.Ct. at 1878 (stating that "for burglary predicated on unlawful *entry*, the defendant must have the intent to commit a crime at the time of the entry") (emphasis in original). In fact, G.S. § 14-54(a) is narrower than generic burglary on the intent requirement because its plain terms require the intent to commit a felony or larceny, not just any crime.

Based on the foregoing, Movant has failed to demonstrate a "realistic probability" that North Carolina would apply G.S. § 14-54(a) to conduct outside the scope of generic burglary. Therefore, the Court concludes that Movant's three prior convictions under G.S. § 14-54(a) categorically qualify as predicate felonies under the ACCA. Accordingly, the Court will deny the instant § 2255 Motion.

## IV. PENDING MOTIONS

During the pendency of this proceeding, Movant filed the following two *pro se* Motions: (1) Motion for Court to Order Public Defender to File Writ of Mandamus or Remove as Public Defender as his Counsel (D.I. 54); and (2) Motion for Court to Order Public Defender to Respond to Movant's Letters (D.I. 60). Having decided to deny the instant § 2255 Motion, the Court will deny these two Motions as moot.

## V. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes that an evidentiary hearing is not warranted.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court is denying Movant's § 2255 Motion as meritless, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VII. CONCLUSION

The Court concludes that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate Order will issue.